UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN L. CORRIGAN,

    Plaintiff,

v.

UNKNOWN KING COUNTY DEPUTY # 1, et al.,

    Defendants.

No. C05-1727P

ORDER ON ADAMS COUNTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND FOR RULE 11 SANCTIONS

This matter comes before the Court on two motions by Defendant Adams County and its employees Sheriff D. Barger and "Unknown County of Adams Official." For ease of reference, these three defendants will be referred to collectively as the "Adams County Defendants." First, the Adams County Defendants have moved for summary judgment. (Dkt. No. 14). Second, the Adams County Defendants have moved for Rule 11 sanctions against Plaintiff. (Dkt. No. 15). The Court, having considered the materials submitted in support of and in opposition to these motions, hereby ORDERS as follows:

    (1)    The Court GRANTS the Adams County Defendants' motion for summary judgment. (Dkt. No. 14). All claims against Adams County, Sheriff D. Barger, and "Unknown County of Adams Official" are DISMISSED.

    (2)    The Court GRANTS IN PART the Adams County Defendants' motion for Rule 11 sanctions. (Dkt. No. 15). The Court finds that Plaintiff violated Federal Rule of Civil Procedure 11

ORDER - 1

by filing frivolous claims against the Adams County Defendants without reasonable inquiry. However, the Court reserves ruling on the type or amount of sanctions to be imposed because the Court requires additional evidence in order to made such a determination.

(3) Within <u>thirty days</u> of the date of this Order, the Adams County Defendants are directed to file a motion documenting the reasonable attorneys' fees that they incurred as a direct result of the Rule 11 violations. In responding to the forthcoming motion, Plaintiff may offer evidence relevant to determining an appropriate sanction, including but not limited to his financial status and his legal training or lack thereof.

**Background**

Plaintiff John Corrigan, proceeding pro se, has brought claims under 42 U.S.C. § 1983 and Washington state law against Defendants Adams County, Adams County Sheriff D. Barger, and an "unknown County of Adams official." His complaint also raises claims against King County and various named and unnamed King County officials.

The events leading to this dispute began in February 2003, when Plaintiff was stopped for speeding in Adams County. He refused to sign his notice of infraction, as required by Washington law, and was charged with Failure to Sign Notice of Infraction. In May 2003, Plaintiff was convicted of this offense following a trial in Adams County District Court. He was sentenced to 90 days in jail, with 85 days suspended. Plaintiff was given 90 days from the imposition of the sentence to serve his five days in jail. In a civil proceeding, Plaintiff was also fined for speeding. Plaintiff unsuccessfully appealed both his criminal and civil cases.

In July 2003, Plaintiff filed a civil action in the U.S. District Court for the Eastern District of Washington, bringing Section 1983 and state-law claims against the Washington State Patrol troopers who arrested him, the Adams County District Court judge who presided over his criminal trial, the Adams County deputy prosecuting attorney who litigated his criminal case, the Adams County Sheriff, and Adams County. This civil action was dismissed on summary judgment in August 2004, with Rule

ORDER - 2

11 sanctions imposed on Plaintiff for bringing claims against an Adams County District Judge. See Corrigan v. Dale, No. CS-03-247-FVS, slip op. (E.D. Wash. Aug. 23, 2004). The Ninth Circuit affirmed the summary judgment ruling, but reversed the imposition of Rule 11 sanctions for failure to comply with the "safe harbor" requirements of Rule 11(c)(1)(A). Corrigan v. Dale, 2006 WL 83342 (9th Cir. Jan. 9, 2006).

Plaintiff did not serve his five-day jail sentence in 2003 or 2004. On November 9, 2004, Adams County deputy prosecuting attorney Barrett Scudder filed a motion in Adams County District Court seeking an order to require Plaintiff to appear and show cause why he should not be required to serve his sentence. Plaintiff does not dispute that he received notice of this hearing. Nonetheless, Plaintiff failed to appear at the show cause hearing. On December 1, 2004, Judge Joshua Grant issued a warrant for Plaintiff's arrest.

Plaintiff maintains and the Adams County Defendants do not dispute that the Adams County Sheriff's Office entered the warrant into a statewide database. Based on this warrant, Plaintiff was arrested in April 2005 in King County. Following his arrest, Plaintiff served two days in King County Jail, and then completed the remaining three days of his sentence in Adams County.

Plaintiff filed this lawsuit in October 2005. Plaintiff appears to allege that the Adams County Defendants unlawfully issued the arrest warrant and improperly entered the warrant into a statewide database. Plaintiff asserts that at the time the warrant was sought and issued, his criminal conviction and sentence were stayed pending appeal. Defendants deny that any stay was in place.

Adams County and its employees (Sheriff Barger and "Unknown County of Adams Official") have now moved for summary judgment. They have also moved for sanctions against Plaintiff under Rule 11.

**Analysis**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

ORDER - 3

material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). While "some alleged factual dispute between the parties will not defeat" a motion for summary judgment, "disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Once a party has moved for summary judgment, it is the non-moving party's burden to provide sufficient evidence such that a reasonable jury could decide in their favor. Id. at 248. Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

1.  Claims Against "Unknown Adams County Official"

In his complaint, Plaintiff has identified two defendants from Adams County by their actual names: (1) the County itself; and (2) Sheriff D. Barger. Although Plaintiff also named an "Unknown Adams County Official" as a defendant in his complaint, Plaintiff has not moved to substitute a named defendant for this "unknown" official.

Plaintiff's complaint provides virtually no information about the "Unknown Adams County Official." The complaint only includes the two following paragraphs in which this "unknown" official is specifically mentioned:

> During all times mentioned in this Complaint, the defendant Unknown Adams County Official (UACO), was a duly appointed official in the County of Adams . . . acting in their official capacity. UACO is sued, however, only in his/her individual capacity.
>
> * * * *
>
> Defendants UACO, Barger, and Adams County caused a state-wide warrant be instigated against plaintiff. Warrant was: (a) without probable cause; (b) malicious prosecution; (c) retaliatory prosecution; (d) abuse of process; and (e) based on an unconstitutional statute. Further, there is every indication that this was a conspiracy between Defendants Adams County, Sheriff Barger, UACO and possibly others in Adams County.

Complaint ¶¶ 7 and 22.

The Ninth Circuit disfavors the practice of filing a complaint against an "unknown" or "John Doe" defendant. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, a plaintiff may

ORDER - 4

name such unknown defendants "where the identity of alleged defendants will not be known prior to the filing of a complaint." Id.  In such cases, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.

However, a plaintiff who seeks to file suit against "unknown" defendants "must not only allege that the defendant is unknown, but also provide, or attempt to provide, an adequate description or other known information so that service of process can at least be attempted." 2 James Wm. Moore, Moore's Federal Practice § 10.02[2][d][i] (3d ed. 2006).  In addition, it is not permissible for a plaintiff to name an "unknown" defendant in a complaint "if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry." Id. "If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed." Id.

Applying these principles, Plaintiff's claims against "Unknown Adams County Official" must be dismissed for several reasons.  First, Plaintiff's complaint provides no clue regarding the identity of the "unknown" official.  In cases where the plaintiff's description of an "unknown" defendant is inadequate, dismissal is appropriate because it is impossible to serve process on such a defendant. See, e.g., Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996) (use of unnamed defendants permitted "so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served"); Keno v. Doe, 74 F.R.D. 587, 588 n.2 (D.N.J. 1978) (same).

Plaintiff has also had ample opportunity to seek discovery to determine the identity of the "unknown" Adams County official.  Plaintiff filed this complaint in October 2005 and has had many months to seek discovery to ascertain the identity of this official.  When a plaintiff fails to use the discovery process to identify an "unknown" defendant, dismissal of claims against the unknown defendant is appropriate. See Strauss v. City of Chicago, 760 F.2d 765, 770 n.6 (7th Cir. 1985).  As one court has observed, "a district court otherwise prepared to act on dispositive motions is not

ORDER - 5

1  obligated to 'wait indefinitely for [the plaintiff] to take steps to identify and serve . . . unknown
2  defendants.'" Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998).

3  Construing Plaintiff's pleadings liberally, it is possible that Plaintiff intends the Court to regard
4  either the Adams County deputy prosecuting attorney or judge who were involved in issuing his arrest
5  warrant as the "unknown Adams County official." Indeed, Plaintiff devotes much of his opposition
6  brief to complaining about the actions of these individuals, despite the fact that neither person is
7  named as a defendant in Plaintiff's complaint. However, the Court cannot presume that either of these
8  officials is the "unknown" official named in Plaintiff's complaint because their identities are readily
9  determinable: The deputy prosecuting attorney who sought Plaintiff's warrant was Barrett Scudder
10 and the warrant was signed by Judge Joshua F. Grant. As noted earlier, a plaintiff will not be
11 permitted to name an "unknown" defendant in a complaint where the identity of the "unknown"
12 individual could be ascertained prior to filing the complaint through reasonable inquiry. See Moore,
13 supra, § 10.02[2][d][i]. Therefore, Plaintiff's claims against "Unknown Adams County Official" are
14 dismissed.

15 2.    Section 1983 Claims

16    A.    Claims Against Sheriff Barger

17 Construing Plaintiff's pleadings liberally, it appears that his claims under 42 U.S.C. § 1983
18 against Adams County Sheriff D. Barger are based on a theory that the Sheriff and/or his office
19 violated Plaintiff's constitutional rights by: (1) causing an arrest warrant signed by Judge Joshua Grant
20 to be entered into a statewide database; and (2) allegedly contacting the King County Sheriff's Office
21 to seek Plaintiff's arrest pursuant to the warrant. The Adams County Defendants argue that Sheriff
22 Barger is immune from these claims, either on the grounds of quasi-judicial immunity or qualified
23 immunity.

24 To support their argument for quasi-judicial immunity, the Adams County Defendants note
25 that courts have held that "police officers, sheriffs, and other court officers who act in reliance on a

ORDER - 6

facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages." Henry v. Farmer City State Bank, 808 F.2d 1228, 1239 (7th Cir. 1986); see also Coverdell v. Dep't of Social & Health Servs., 834 F.2d 758, 764-65 (9th Cir. 1987) (similar). Although Plaintiff asserts in his complaint that the warrant was "defective on its face" (Complaint ¶ 13), Plaintiff has not offered any evidence suggesting that the warrant issued by Judge Grant on December 1, 2004 was not facially valid. Among other things, the warrant was signed by the judge of the charging jurisdiction, specified Plaintiff's name and physical description, specified the offense charged, and was issued to all peace officers of the state. See Wash. Crim. Rule for Courts of Limited Juris. 2.2. Although Plaintiff suggests that the warrant was invalid because it was supposedly issued in violation of a stay of his conviction and sentence pending appeal,[1] Plaintiff offers no reason why the Sheriff or his office would have reason to question the facial validity of the warrant. As such, Sheriff Barger is entitled to quasi-judicial immunity for acting in reliance on the warrant.

In addition, Sheriff Barger would also be entitled to qualified immunity from civil damages under Section 1983 for taking the actions alleged by Plaintiff. Determining whether a government official is entitled to qualified immunity "requires a two-part inquiry: (1) Was the law governing the state official's conduct clearly established? (2) Under that law could a reasonable state official have believed his conduct was lawful?" Browning v. Vernon, 44 F.3d 818, 822 (9th Cir. 1995). Here, Plaintiff points to no clearly established constitutional violation committed by Sheriff Barger. At most, the evidence indicates that Sheriff Barger acted on a facially valid warrant.

---

[1] Aside from Plaintiff's conclusory assertion, Plaintiff offers no evidence (such as a court order) indicating that criminal conviction and sentence had been stayed pending appeal. In any case, it appears from the record that the Washington Supreme Court issued a final order regarding Plaintiff's appeal of his criminal case on November 3, 2004. On November 9, 2004, Adams County deputy prosecuting attorney Barrett Scudder filed a motion for an order to show cause why Plaintiff should not be required to serve his sentence. Despite the ruling from the state Supreme Court on his appeal, Plaintiff appears to believe that the Adams County District Court could not issue a warrant for his arrest until Plaintiff received rulings on: (1) a petition for a writ of certiorari submitted to the United States Supreme Court; and/or (2) a habeas corpus petition. Plaintiff offers no evidence or legal authority to support this contention.

ORDER - 7

Therefore, Plaintiff's Section 1983 claims against Sheriff Barger are dismissed.

B.  Claims Against Adams County

Section 1983 claims may be brought against local government units such as a county. However, the Supreme Court has held:

> [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983.

Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).

Here, Plaintiff has not offered evidence to raise a genuine issue of material fact on whether his alleged injuries were inflicted as a result of any policy or custom of Adams County. For the most part, Plaintiff appears to argue in his opposition brief that he was injured by an "out of control" prosecutor, presumably deputy prosecuting attorney Barrett Scudder. However, Plaintiff offers no evidence that Mr. Scudder had policy-making authority for Adams County. An official policy "must result from a deliberate choice made by a policy-making official," which "may be inferred from widespread practices or 'evidence of repeated constitutional violates for which the errant municipal officers were not discharged or reprimanded.'" Naell v. Las Vegas Metro. Police Dep't, 268 F.3d 924, 929 (9th Cir. 2001). "A plaintiff cannot prove the existence of a [local government] policy based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989).

For similar reasons, Plaintiff has not offered evidence to raise a genuine issue of material fact on whether any alleged deprivations of his constitutional rights resulted from a custom of Adams County. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989)

ORDER - 8

("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events [is] insufficient to establish custom."). Plaintiff offers no evidence of such a custom here.

Finally, Plaintiff appears to suggest that Adams County and/or Sheriff Barger may be held liable under Section 1983 for failure to train or supervise employees. A local government or official may only be held liable under Section 1983 for failure to train or supervise employees when such a failure reflects a conscious choice by a municipality and amounts to deliberate indifference to the rights of citizens. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Plaintiff has offered no evidence suggesting such deliberate indifference here on the part of either Adams County or Sheriff Barger.

Therefore, Plaintiff's Section 1983 claims against Adams County are dismissed.

3.  Remaining Claims

In addition to federal claims under Section 1983, Plaintiff's complaint also raises various claims under state law. His complaint alleges:

> [T]he defendants deprived the plaintiff of his rights to be free from false imprisonment, search and seizure of his person, unreasonable force, cruel and unusual punishment, unreasonable bail, abuse of process, malicious prosecution, and intentional infliction of emotional distress. All of these rights are secured to the plaintiff by the provisions of Washington law which are invoked under the supplementary jurisdiction of this court.

(Complaint ¶ 28). Although it is not clear that Plaintiff intends to maintain all of these state-law claims against each of the eight defendants named in his complaint, the Court considers each potential claim as it relates to the Adams County Defendants.

***False Arrest/False Imprisonment***: Under Washington law, the existence of probable cause is a complete defense to an action for false arrest or false imprisonment. See McBride v. Walla Walla County, 95 Wash. App. 33, 38 (1999). Here, the Adams County Defendants plainly had probable cause to seek Plaintiff's arrest and to imprison him, given his 2003 conviction and the issuance of a facially valid arrest warrant by Judge Grant.

ORDER - 9

***Search & Seizure and "Unreasonable Force" Claims***: Plaintiff has alleged no facts to support an unlawful search and seizure or "unreasonable force" against any of the Adams County defendants. Plaintiff was arrested by officials from King County, not Adams County.

***Excessive Bail***: Plaintiff has no claim for excessive bail against any named defendants, given that neither Adams County nor Sheriff Barger set Plaintiff's bail. See, e.g. Kohl v. Casson, 5 F.3d 1141, 1149 (8th Cir. 1993).

***Cruel and Unusual Punishment***:  Plaintiff provides no allegations or evidence to support a claim for cruel or unusual punishment with respect to jail conditions in Adams County. Plaintiff may believe that the length of his sentence (5 days) constituted cruel and unusual punishment. However, a challenge to the duration of a state prison sentence may be attacked in federal court solely through a writ of habeas corpus. See Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus").

***Malicious Prosecution***: Plaintiff has no basis to maintain a claim for malicious prosecution against any Adams County Defendants. Under Washington law, it is well-settled that a malicious prosecution action may be maintained only if the prosecution terminated in favor of the person asserting the claim. Clark v. Baines, 150 Wn.2d 905, 911 (2004). Here, the prosecution in Adams County did not terminate in Plaintiff's favor.

***Abuse of Process***: Plaintiff contends that numerous actions taken constitute abuse of process. However, Plaintiff does not present sufficient evidence to support an abuse of process claim. A claim for abuse of process has two essential elements: (1) the existence of an ulterior purpose – to accomplish an object not within the proper scope of the process; and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings. Fite v. Lee, 11 Wn. App. 21, 27 (1974). "[T]he test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party

ORDER - 10

against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do." Batten v. Abrams, 28 Wn. App. 737, 747-48 (1981). Here, the actions taken by the Adams County Defendants compelled Plaintiff to serve his five days in jail, as required by his conviction and sentence in Adams County District Court. Although Plaintiff makes a number of conclusory allegations regarding the motives of the deputy prosecuting attorney in Adams County (an individual who is not named as a defendant in this action), Plaintiff has not offered any evidence suggesting that the Adams County Defendants used the judicial process to compel Plaintiff to do some collateral thing that he could not legally be compelled to do.

***Intentional Infliction of Emotional Distress***: Under Washington law, a claim for intentional infliction of emotional distress (more commonly known as the tort of "outrage") has three elements: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. Brower v. Ackerley, 88 Wn. App. 87, 98 (1997). Only conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" supports an outrage claim. Reid v. Pierce County, 136 Wn.2d 195, 202 (1998). "[T]he trial court must make an initial determination as to whether the conduct may reasonably be regarded as so 'extreme and 'outrageous' as to warrant a factual determination by the jury." Jackson v. Peoples Fed. Credit Union, 25 Wn. App. 81, 84 (1979). Here, the Court finds that the conduct of the Adams County Defendants cannot reasonably be regarded as being so extreme and outrageous to support a claim of outrage.

***Failure to Transport Plaintiff to Adams County***: In his opposition brief, Plaintiff asserts that Adams County failed to transport Plaintiff from King County to Adams County to serve his sentence. Putting aside the fact that this allegation was not raised in Plaintiff's complaint, Plaintiff offers no evidence to support his assertion that Adams County was obliged to transport him from King County, nor does he offer any legal authority or argument to support a claim based on this contention.

ORDER - 11

*Summary*

For the reasons discussed above, Plaintiff's state-law claims against the Adams County Defendants must be dismissed.

4.    Request for Rule 11 Sanctions

By separate motion, the Adams County Defendants have moved for sanctions against Plaintiff under Federal Rule of Civil Procedure 11.[2]  The Adams County Defendants complied with the "safe harbor" requirements of Rule 11(c)(1)(A) by serving a copy of their motion for sanctions on Plaintiff at least 21 days before filing the motion with the Court, along with a letter to Plaintiff explaining that the motion would be filed if Plaintiff did not dismiss his complaint against Adams County, Sheriff Barger, and "Unknown Adams County Official."

Rule 11(b) provides, in relevant part:

> By presenting the court, whether by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
> (1)   it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3)   the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

In turn, Rule 11(c) provides that if the court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on the parties that have violated the rule.

Rule 11 applies to unrepresented ("pro se") parties. However, a court "must take into account a plaintiff's pro se status when it determines whether the filing was reasonable." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Here, even taking into account Plaintiff's pro se status, the Court

---

[2] Plaintiff responded to both the summary judgment motion and the Rule 11 motion in a single brief. Defendants also filed a single reply brief for both motions.

ORDER - 12

finds that Plaintiff failed to conduct an objectively reasonable inquiry before signing and filing a complaint that included frivolous legal claims against the Adams County Defendants.

First, the Court finds that Plaintiff's claims against Sheriff Barger are frivolous and that it was objectively unreasonable for Plaintiff to bring such claims against the Sheriff. Plaintiff's complaint alleges that the Sheriff (along with Adams County and an unknown Adams County official) improperly "instigated" a statewide arrest warrant against him. Plaintiff appears to base his claims against the Sheriff on a theory that: (1) the Sheriff or his office entered a warrant signed by an Adams County District Judge into a statewide database; and (2) the Sheriff or his office "personally" contacted the King County Sheriff's Office to request that Plaintiff be immediately arrested pursuant to the warrant. However, Plaintiff offers no legal authority that supports his contention that type of this conduct by the Sheriff or his office violated any of his rights under the United States Constitution or under Washington law, nor does he offer any nonfrivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law regarding the Sheriff's liability for such conduct under federal or state law.

Plaintiff suggests (without providing evidentiary or legal support) that the arrest warrant was improperly issued because his conviction and sentence had supposedly been stayed in order to permit him to pursue a petition for a writ of certiorari with the United States Supreme Court and/or a habeas corpus action. However, Plaintiff provides no evidence that the warrant on its face was not valid, despite his allegation in his complaint that the warrant was "defective on its face." In short, Plaintiff provides no legal authority or nonfrivolous argument suggesting that a law enforcement official are subject to suit under federal or state law for entering a facially valid warrant issued by a court into a state database or by contacting other law enforcement officials to request action on a facially valid warrant.[3]

---

[3] To the extent that Plaintiff believes that his arrest warrant was improperly issued, his complaint would be with the deputy prosecuting attorney who sought the warrant and/or the judge who issued the warrant,

ORDER - 13

In addition, Plaintiff's claims for malicious prosecution against the Adams County Defendants are plainly not warranted by existing law or by any nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  It is black-letter law in Washington that a malicious prosecution action may only be maintained if the proceedings terminated favor of the party bringing the claim.  <u>See, e.g.</u>, <u>Clark v. Baines</u>, 150 Wn.2d 905, 911 (2004) (noting that a malicious prosecution claim arising from a criminal action requires the plaintiff to prove several elements, including proof "that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned").  Even as a pro se litigant, it was objectively unreasonable for Plaintiff to raise malicious prosecution claims in this action because he was explicitly informed of this rule in the order granting summary judgment in his prior civil rights case in the Eastern District of Washington.  <u>See</u> <u>Corrigan v. Dale</u>, No. C03-247, slip op. at 9 (E.D. Wash. Aug. 23, 2004) (noting that "[i]n order to prevail on his malicious-prosecution claim, Mr. Corrigan must prove the underlying criminal case was terminated on the merits in his favor" and dismissing claim for failure to satisfy that requirement).

On the record before it, the Court also finds that Plaintiff's claims against Adams County are frivolous and that it was objectively unreasonable for Plaintiff to such claims.  To the extent that Plaintiff's claims against the County are based on the actions of Sheriff Barger or his office, Plaintiff's claims would be frivolous because there is no legal basis to find that the Sheriff or his office violated Plaintiff's rights under federal or state law by entering a facially valid arrest warrant into a state database.  To the extent that Plaintiff is seeking to hold the County liable for the actions of the deputy prosecuting attorney who sought Plaintiff's arrest warrant and/or the actions of the judge that issued the arrest warrant, Plaintiff's claims are frivolous because Plaintiff has provided no competent evidence or legal authority to suggest that the warrant was improperly sought or issued.  Moreover,

---

not with law enforcement officials who simply acted on a facially valid Court order.  Neither the deputy prosecuting attorney nor the judge are named in the complaint – perhaps in recognition of the doctrines of prosecutorial and judicial immunity.

ORDER - 14

even if the warrant was improperly sought by the deputy prosecuting attorney or issued by the Adams County District Court judge, Plaintiff has offered no evidence suggesting that such actions were taken in accordance with a County policy or custom, as required to impose liability on the County under Section 1983.

Plaintiff's position appears to be that the arrest warrant was improperly issued because his conviction and sentence were supposedly stayed when the warrant issued. However, Plaintiff has not produced a copy of any court order indicating that such a stay was in place. The existence of such a stay would not alter the Court holding that Plaintiff has no valid claims against the Adams County Defendants named in the complaint, since there is no evidence that issuing a arrest warrant while a stay was in place could be attributable to the County, Sheriff Barger, or "Unknown County of Adams Official." However, if a stay was in place, there may at least be a basis to find that Plaintiff had a reasonable belief that the arrest warrant was improperly issued.

In short, absent any competent evidence that a stay of Plaintiff's conviction and sentence was in place when his arrest warrant issued, the Court finds that Plaintiff had no objectively reasonable basis to bring claims against the County based on the "instigation" of this warrant. However, if Plaintiff can produce competent evidence (such as a court order) demonstrating that his conviction and sentence were in fact stayed when the arrest warrant was issued, the Court will revisit its determination regarding the frivolousness of Plaintiff's claims against the County.

Although the Court finds that Plaintiff has violated Rule 11, the Court does not have sufficient evidence before it to make a reasoned determination regarding the type or amount of sanctions. While Defendants argue that they should be awarded their attorney fees as a sanction, such an award it not automatic upon the finding of a Rule 11 violation. As the Ninth Circuit has observed, "Rule 11 'provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party.'" United States ex rel. Leno v. Summit Constr. Co., 892 F.2d 788, 7901 n.4 (9th Cir. 1989).

ORDER - 15

It should also be noted that the Advisory Committee notes to the 1993 amendments to Rule 11 indicate that a variety of factors may be proper considerations in determining what sanctions, if any, should be imposed for a Rule 11 violation. This considerations include:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

See also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("a court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions"). Here, the Court lacks information regarding several of these considerations. For example, the Court does not have information regarding Plaintiff's financial resources or his legal training.[4]

Therefore, the Court directs the Adams County Defendants to file a motion seeking a specific amount of sanctions and documenting the reasonable attorneys' fees that they incurred as a direct result of Plaintiff's Rule 11 violations within 30 days of the date of this order. Such a motion must be noted for the Court's consideration no earlier than the third Friday after filing. See Local Civil Rule 7(d)(3). In responding to this motion, Plaintiff may offer evidence relevant to determining an

---

[4] However, it appears that Plaintiff is not an inexperienced pro se litigant. Putting aside Plaintiff's prior civil case in the Eastern District of Washington and his pro se appeals of his criminal and civil cases from Adams County, Plaintiff filed two other lawsuits in this Court in the fall of 2005: (1) Corrigan v. Kline, C05-1728RSM; and (2) Corrigan v. VISA, U.S.A., C05-1622RSM. A person named John L. Corrigan also previously filed five other civil suits in this Court between 1988 and 1996: (1) Corrigan v. USA, C88-523JCC; (2) Corrigan v. Steere, C92-1511CRD; (3) Corrigan v. Baker, 94-1620BJR; (4) Corrigan v. Andersen, C94-5373FDB; and (5) Corrigan v. Bargala, C95-570JCC. In addition, a John L. Corrigan is named as a plaintiff in a number of other Washington state and federal cases in recent years, including: (1) Corrigan v. United States, 70 Fed. Cl. 665 (2006); (2) Corrigan v. Dollar, 89 Fed. Appx. 238 (Fed. Cir. Feb. 2, 2004), cert. denied, 543 U.S. 959 (2004); (3) Corrigan v. Germany, 43 Fed. Appx. 139 (9th Cir. July 22, 2002); (4) Corrigan v. Employment Security Dept., 99 Wn. App. 1035 (2000), rev. denied, 141 Wn.2d 1022 (2000); (5) Corrigan v. Imaginetics Inc., 2000 WL 194656 (Wn. App. Feb. 14, 2000), rev. denied, 143 Wn.2d 1010 (2001), cert. denied, 534 U.S. 1020 (2001); (6) Corrigan v. Allstate Ins. Co., 126 Wn.2d 1013 (1995), cert. denied, 516 U.S. 920 (1995); (7) Corrigan v. Tompkins, 67 Wn. App. 475 (1992), rev. denied, 121 Wn.2d 1003 (1993), cert. denied, 510 U.S. 842 (1993).

ORDER - 16

appropriate sanction, including but not limited to his financial status and his legal training or lack thereof. Plaintiff may also offer evidence (such as a court order) to support his contention that his criminal conviction and sentence were stayed at the time that his arrest warrant issued in December 2004.

## Conclusion

The Adams County Defendants' motion for summary judgment is GRANTED. All claims asserted by Plaintiff against Adams County, Sheriff D. Barger, and "Unknown County of Adams Official" are DISMISSED.

The Court GRANTS IN PART the Adams County Defendants' motion for Rule 11 sanctions. The Court finds that Plaintiff violated Rule 11 by filing frivolous claims against the Adams County Defendants without reasonable inquiry. The Court reserves ruling on the type or amount of sanctions to be imposed. Within <u>thirty days</u> of the date of this Order, the Adams County Defendants are directed to file a motion documenting the reasonable attorneys' fees that they incurred as a direct result of the Rule 11 violations. In responding to this motion, Plaintiff may offer evidence relevant to determining an appropriate sanction, including but not limited to his financial status and his legal training or lack thereof.

The clerk is directed to provide copies of this order to Plaintiff and to all counsel of record.

Dated: August 2, 2006

           s/Marsha J. Pechman
           Marsha J. Pechman
           United States District Judge