UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN L. CORRIGAN,

    Plaintiff,

  v.

UNKNOWN KING COUNTY DEPUTY # 1, et al.,

    Defendants.

No. C05-1727P

ORDER ON ADAMS COUNTY DEFENDANTS' MOTION SEEKING SPECIFIC SANCTIONS

    This matter comes before the Court on a motion by Defendant Adams County and its employees for an order granting specific sanctions against Plaintiff John Corrigan under Rule 11. (Dkt. No. 24).  Having reviewed the papers and pleadings submitted by the parties and the balance of the record, the Court GRANTS in part and DENIES in part Defendants' motion.  The Court finds that monetary sanctions should be imposed against Plaintiff pursuant to Rule 11 and that such sanctions should be payable to Defendant Adams County.  However, because the Court must limit sanctions under Rule 11 to what is sufficient to deter Plaintiff from filing frivolous claims in the future, the Court declines to impose the $18,070.41 in sanctions requested by Defendants.  Instead, the Court finds that a sanction of $10,000 should be sufficient to deter future frivolous claims by Plaintiff.  The reasons for the Court's order are discussed below.

ORDER - 1

# Background

Plaintiff John Corrigan filed this suit in October 2005. He brought various state-law and Section 1983 claims against Adams County, Sheriff D. Barger, and an "Unknown County of Adams Official." He also sued King County and various King County officials. Plaintiff's claims against Adams County essentially stem from the fact that an Adams County judge issued a warrant for Plaintiff's arrest after he failed to appear at a hearing in December 2004 to show cause why he should not be required to serve a five-day jail sentence imposed in May 2003. Plaintiff's claims against the Sheriff were based on allegations that the Sheriff's office entered the arrest warrant into a statewide database and contacted King County officials to seek action on the warrant.

On August 2, 2006, the Court granted summary judgment to the Adams County Defendants on all claims. The Court also granted in part a motion for Rule 11 sanctions by the same defendants. The Court held that Plaintiff violated Rule 11 by filing frivolous claims against the Adams County Defendants without reasonable inquiry. However, the Court indicated that it needed additional evidence to determine the appropriate amount of sanctions.

The Court directed the Adams County Defendants to file a motion documenting the reasonable attorneys' fees that they incurred as a direct result of the Rule 11 violations. The Court advised Plaintiff that he could respond by offering evidence relevant to determining an appropriate sanction, such as his financial status and his legal training. The Court also indicated that it would revisit its determination regarding the frivolousness of Plaintiff's claims against Adams County if Plaintiff could produce evidence (such as a court order) to support his claims that his conviction and sentence had been stayed when the arrest warrant was issued in December 2004.

Defendants filed their motion on August 17, 2006 and properly noted it on the Court's motion calendar for September 1, 2006. Under the local rules of this Court, Plaintiff's opposition to the motion was due by August 28, 2006. However, the Court did not receive Plaintiff's response until

ORDER - 2

August 30th. Although the Court could strike Plaintiff's opposition brief as untimely, the Court will consider his response in the interests of adjudicating this matter on the merits.

## Analysis

### A.  Standards for Imposing Rule 11 Sanctions

As the Court noted in its previous order, "Rule 11 'provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party.'" United States ex rel. Leno v. Summit Constr. Co., 892 F.2d 788, 790 n.4 (9th Cir. 1989). Following the 1993 amendments to Rule 11, "the main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender." 5A Chas A. Wright, et al., Federal Practice & Procedure § 1336.3 (3d ed. 2004). The text of Rule 11 provides that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). If warranted for effective deterrence, Rule 11 authorizes the Court to issue "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Id.

The Advisory Committee Notes to the 1993 amendments to Rule 11 discuss a number of factors that may be considered in imposing sanctions, including:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

"[A] court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994); see also Advisory Committee Notes to the 1993 amendments to Rule 11 (noting "partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial resources").

    In cases where a party seeks an award of attorneys' fees as a sanction, "the court 'must cast a critical eye on the reward request,' which means that the fees and expenses requested must be scrutinized carefully for reasonableness by the district judge." 5A Chas. A. Wright, et al., Federal Practice & Procedure § 1336.3 (3d ed. 2004).

**B.    Adam County Defendants' Request for Attorneys' Fees and Expenses**

    The Adams County Defendants have requested an award of $18,070.14 in attorneys' fees and costs as a sanction under Rule 11. Defendants claim the following fees:

    60.8 hours for Paul Kirkpatrick at $150 per hour;

    41.6 hours for Patrick Harwood at $130 an hour;

    36.4 hours for Chrissy Gallagher at $60 per hour; and

    5.8 hours for Nancy Newman at $60 per hour.

This request amounts to a total of 144.6 hours. The 102.4 hours for Mr. Kirkpatrick and Mr. Harwood represent attorney time, while the 42.2 hours for Ms. Gallagher and Ms. Newman represent paralegal time.

    The Court does not doubt that Defendants reasonably incurred well over $10,000 in attorneys' fees and expenses in defending against Plaintiffs' frivolous claims. Plaintiff's complaint was difficult to comprehend and not readily susceptible to a motion to dismiss, particularly in light of the liberality with which courts must construe pro se pleadings. As a result, it was not unreasonable for Defendants to conduct discovery to determine the scope of Plaintiff's claims before moving for dismissal. Defendants acted with reasonable speed in filing a summary judgment motion and a Rule 11 sanctions motion after conducting limited discovery and did not incur unnecessary fees by filing unwarranted motions.

    At the same time, the documentation that Defendants have submitted to support their fee request omits some key details. Although Defendants reasonably describe the time spent performing particular tasks, they do not identify which attorney or paralegal performed which task, nor do they

ORDER - 4

specify which particular tasks were performed by attorneys and which tasks were performed by paralegals.  These omissions hinder the Court's ability to make a precise evaluation of the reasonableness of the time claimed for particular tasks.[1]

Defendants also request $1010.41 in expenses, including: (1) $288.32 for photocopies; (2) $152.56 for postage; (3) $336.93 for research; and (4) $232.60 for travel expense.  Defendants do not provide a more specific breakdown of these claimed costs, making it difficult to evaluate their reasonableness.

**C.      Plaintiff's Response to Defendants' Request**

In his untimely response to the Adams County Defendants' motion, Plaintiff suggests that he did not violate Rule 11.  However, the Court has already held that Plaintiff violated Rule 11; as a result, the only issue before the Court is the appropriate type or amount of sanctions.

It should be noted that the Court specifically indicated in its August 2nd order that "if Plaintiff can produce competent evidence (such as a court order) demonstrating that his conviction and sentence were in fact stayed when the arrest warrant was issued, the Court will revisit its determination regarding the frivolousness of Plaintiff's claims against the County." (Order at 15).  However, Plaintiff has not produced such evidence in response.

Plaintiff appears to argue that even though he had been convicted in May 2003 in Adams County District Court and sentenced to 5 days in jail, he could not be required to serve this sentence until: (1) the U.S. Supreme Court ruled on his petition for a writ of certiorari regarding the conviction; and (2) he exhausted all of his habeas corpus remedies after his direct appeal of the conviction failed.  However, Plaintiff has not provided any legal authority or nonfrivolous arguments to support this position.

---

[1] Defendants also do not provide information about the experience or customary fees of the people who worked on the case.  However, given the modest hourly rates requested, the Court does not regard the rates as unreasonable.

ORDER - 5

Plaintiff also indicates in his response that he makes about $55,000 per year and that he has no formal legal training. However, the Court noted in its August 2nd order that it appeared that Plaintiff was not an inexperienced pro se litigant, citing more than a dozen civil cases that a "John L. Corrigan" had brought in federal and state court. (Dkt. No. 23 at 16 and n.4). Plaintiff has not disputed that he was the "John L. Corrigan" who brought any of those cases.

Defendants have noted that Plaintiff was previously sanctioned under Rule 11 in a civil action he brought in the U.S. District Court for Eastern District of Washington to challenge the circumstances surrounding his 2003 arrest and conviction. However, that sanction was later reversed by the Ninth Circuit because the defendant did not comply with the "safe harbor" requirements of Rule 11. See Corrigan v. Dale, 162 Fed Appx. 784 (9th Cir. Jan. 6, 2006).

**D.     Appropriate Sanction**

The Court finds that a significant monetary sanction is warranted in this case to deter Plaintiff from filing frivolous claims in the future. Notably, Plaintiff filed his frivolous claims against the Adams County Defendants on the heels of the dismissal of a similar civil suit in the Eastern District of Washington against some of the same defendants. Plaintiff made his claims against the Adams County Defendants without reasonable inquiry or basis in law. Although Plaintiff does not have formal legal training, he is a fairly prolific pro se litigant and a modest sanction would be unlikely to deter him from filing frivolous claims in the future. Plaintiff's annual income of $55,000 also suggests that his financial resources are not insubstantial and that a significant monetary sanction is necessary.

As noted above, the primary purpose of Rule 11 sanctions is deterrence, not compensation. Rule 11 sanctions must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Rule 11(c)(2). Here, Defendants provide little basis for the Court to find that a sanction as high as $18,000 is needed to deter Plaintiff from filing frivolous claims in the future.

In addition, as discussed earlier, Defendants' request for fees and expenses omits some key details. From the billing records provided by Defendants, the Court does not doubt that Defendants reasonably incurred well over $10,000 in fees and expenses in having to defend against Plaintiffs' claims – expenses that were directly incurred as a result of Plaintiffs' decision to file frivolous claims against the Adams County Defendants. However, the Court cannot determine a reasonable amount of fees and expenses with precision, given Defendants' failure to identify which attorney or paralegal performed which tasks, to specify which tasks were performed by an attorney and which tasks were performed by a paralegal, and to describe the expenses claimed in greater detail. While Defendants could conceivably correct these omissions through a supplemental filing, such an additional step is not warranted because the $18,000 figure requested by Defendants appears to exceed the amount of sanctions warranted to deter future frivolous filings by Plaintiff.

Under the circumstances presented here and taking into account Plaintiff's annual income of $55,000, the Court finds that a $10,000 monetary sanction should be sufficient to deter Plaintiff from filing frivolous claims in the future. Plaintiff is ordered to pay this sanction to Defendant Adams County within 30 days of the date of this Order. The Court recognizes that the Advisory Committee Notes to the 1993 amendments to Rule 11 indicate that "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." However, the Court finds that it would be appropriate in this case to order Plaintiff to pay this sanction to Adams County to help ensure that county taxpayers are not forced to bear the full brunt of paying for Plaintiff's frivolous claims in this case.

**Conclusion**

For the reasons stated above, the Court GRANTS in part and DENIES in part the Adams County Defendants' motion for specific sanctions. The Court finds that a monetary sanction of $10,000, rather than the $18,070.14 in sanctions requested by Defendants, should be sufficient to deter Plaintiff from filing frivolous claims in the future. Plaintiff is ORDERED to pay this $10,000 sanction to Adams County within 30 days of the date of this Order.

ORDER - 7

1   The Clerk is directed to send copies of this order to Plaintiff and to all counsel of record.

2   Dated: October 27, 2006

        s/Marsha J. Pechman
        Marsha J. Pechman
        United States District Judge

ORDER - 8