1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN L. CORRIGAN,

               Plaintiff,

     v.

UNKNOWN KING COUNTY DEPUTY # 1, et
al.,

               Defendants.

No. C05-1727P

ORDER ON KING COUNTY
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

     This matter comes before the Court on a motion for summary judgment by Defendants King County, King County Sheriff Sue Rahr, and three "unknown" King County deputies.  (Dkt. No. 29). These defendants will be referred to collectively as the "King County Defendants."  Having reviewed the materials submitted by the parties and the balance of the record, the Court GRANTS the King County Defendants' motion.  The reasons for the Court's order are set forth below.

**Background**

     In previous rulings, the Court has discussed the facts of this case at some length.  To summarize briefly, Plaintiff John Corrigan has brought claims under 42 U.S.C. § 1983 and Washington state law against Defendants King County, King County Sheriff Sue Rahr, and three "unknown" King County deputies, as well as claims against Adams County, Adams County Sheriff D. Barger, and an "Unknown County of Adams Official."  In December 2004, the Adams County District Court issued a statewide warrant for Plaintiff's arrest after he failed to appear at a hearing to show cause why he

1  should not be required to serve a five-day jail sentence pursuant to a May 2003 conviction.  Based on

2  this warrant, Plaintiff was arrested in April 2005 at his home in King County.  Following his arrest,

3  Plaintiff served two days in King County Jail, and then completed the remaining three days of his

4  sentence in Adams County.  Plaintiff filed this lawsuit in October 2005.

5          On August 2, 2006, the Court granted summary judgment in favor of the Adams County

6  Defendants.  The Court dismissed claims against the "unknown" Adams County official, noting that

7  Plaintiff had not moved to substitute a named defendant for this unknown official and that Plaintiff's

8  complaint provided no clue as to the identity of this official.  The Court dismissed Plaintiff's Section

9  1983 claims against Sheriff Barger, finding that he was entitled to immunity for acting on a facially

10  valid warrant.  The Court also dismissed Plaintiff's Section 1983 claims against Adams County, noting

11  that Plaintiff had not offered evidence that his alleged injuries were inflicted as a result of a county

12  policy or custom.  Finally, the Court dismissed all state-law claims asserted by Plaintiff against the

13  Adams County Defendants, including claims for false arrest, false imprisonment, unlawful search and

14  seizure, unreasonable force, excessive bail, cruel and unusual punishment, malicious prosecution,

15  abuse of process, and intentional infliction of emotional distress.

16          The King County Defendants argue that summary judgment should be entered in their favor for

17  similar reasons as those set forth in the Court's order on the Adams County Defendants' motion for

18  summary judgment.  Plaintiff states that he has "no objection to summary judgment dismissal without

19  prejudice" of the remaining claims, but states that he objects to dismissal with prejudice.

20                                          **Analysis**

21          As the Court previously noted, summary judgment is appropriate if "the pleadings, depositions,

22  answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

23  is no genuine issue as to any material fact and that the moving party is entitled to summary judgment

24  as a matter of law."  Fed. R. Civ. P. 56(c).  While "some alleged factual dispute between the parties

25  will not defeat" a motion for summary judgment, "disputes over facts that might affect the outcome of

ORDER - 2

1   the suit . . .  will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc.,

2   477 U.S. 242, 247-48 (1986).  Once a party has moved for summary judgment, it is the non-moving

3   party's burden to provide sufficient evidence such that a reasonable jury could decide in their favor.

4   Id. at 248.

5   1.    Claims Against "Unknown King County Deputies"

6        Plaintiff's complaint includes claims against three "unknown" King County deputies.  It

7   appears that "Unknown King County Deputy #1" and "Unknown King County Deputy #2" are the

8   officers who arrested Plaintiff at his home in April 2005.  "Unknown King County Deputy #3"

9   apparently played some role in booking Plaintiff into the King County Jail after his arrest.

10        As the Court previously noted, the Ninth Circuit disfavors the practice of filing a complaint

11   against an "unknown" or "John Doe" defendant.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

12   1980).  However, a plaintiff may name such unknown defendants "where the identity of alleged

13   defendants will not be known prior to the filing of a complaint."  Id.  In such cases, "the plaintiff

14   should be given an opportunity through discovery to identify the unknown defendants, unless it is clear

15   that discovery would not uncover the identities, or that the complaint would be dismissed on other

16   grounds."  Id.

17        In this case, Plaintiff had ample opportunity to seek discovery to determine the identity of the

18   "unknown" King County deputies.  Plaintiff filed this complaint in October 2005 and had many months

19   to seek discovery to ascertain the identity of these officials.  When a plaintiff fails to use the discovery

20   process to identify an "unknown" defendant, dismissal of claims against the unknown defendant is

21   appropriate.  See Strauss v. City of Chicago, 760 F.2d 765, 770 n.6 (7th Cir. 1985).  As one court has

22   observed, "a district court otherwise prepared to act on dispositive motions is not obligated to 'wait

23   indefinitely for [the plaintiff] to take steps to identify and serve . . . unknown defendants.'"  Figueroa

24   v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998).

25

ORDER - 3

1    Plaintiff appears to argue that the Court should permit him to amend his complaint to name the

2    "unknown" officials and maintains that he was "not given the opportunity to amend my complaint."

3    However, Plaintiff has never filed a motion to amend his complaint in this matter, even after summary

4    judgment motions were filed by the Adams County and the King County Defendants.[1]

5    Even if Plaintiff had moved to amend his complaint, granting Plaintiff leave to amend would be

6    inappropriate for several reasons.   First, Plaintiff has offered no legitimate basis to bring claims

7    against "Unknown King County Deputy #1" and "Unknown King County Deputy #2."   At most,

8    Plaintiff alleges that these two officers: (1) arrested him pursuant to the warrant issued by the Adams

9    County District Court; and (2) handcuffed him.   As the Court previously held in its order dismissing

10   claims against Adams County Sheriff Barger, the police officers cannot be sued for arresting Plaintiff

11   pursuant to a facially valid warrant.   Plaintiff has offered no evidence to support the conclusory

12   allegation in his complaint that the warrant was "defective on its face" or that the King County

13   deputies arrested him without probable cause.   In addition, Plaintiff has indicated that his only basis for

14   an "excessive force" claim against the officers is the fact that the officers handcuffed him.   See Dkt.

15   No. 30 at 4.   As Defendants note, handcuffing a person during an arrest is constitutionally permissible,

16   even if the crime is minor and the procedure is embarrassing.   Atwater v. Lago Vista, 532 U.S. 318,

17   354-55 (2001).   As a result, it would be futile to permit Plaintiff to amend his complaint to name the

18   two "unknown" deputies, since he has not stated a valid claim against them.

19   With respect to "Unknown King County Deputy #3," Plaintiff alleges that this official "caused

20   plaintiff to be held in pre-booking an inordinate [amount] of time for no purpose but to harass and

21   _____

22       [1] Plaintiff also complains that the Court "sua sponte" dismissed claims against "the unknowns"
     in this case.   However, the Court dismissed claims against the "Unknown County of Adams Official"
23   after Adams County filed a motion for summary judgment that sought dismissal of all claims against
     the County and its employees, including the "Unknown County of Adams Official."   See Dkt. No. 14;
24   see also Dkt. No. 14-16 (proposed order submitted by Adams County that included "Unknown
     County of Adams Official" as party to be dismissed).   Similarly, the King County Defendants have
25   requested dismissal of claims against the three "unknown" deputies in the pending motion.

ORDER - 4

1   intimidate plaintiff" and that this official "did not inform plaintiff of his right to bail or anything else

2   that he was required to do."  (Complaint ¶19).  Even if these vague allegations could be construed as

3   stating a claim for constitutional violations under Section 1983, permitting Plaintiff to amend his

4   complaint at this late point would result in an undue delay in proceedings and prejudice Defendants.

5   The deadline for filing amended pleadings in this case was February 16, 2006 and Plaintiff has not

6   shown good cause why he failed to seek leave to amend his complaint earlier.  The discovery deadline

7   and dispositive motions deadline have already passed.  In any case, it does not appear that Plaintiff has

8   served this "unknown" King County deputy with process within the time prescribed by Fed. R. Civ. P.

9   4(m).  Under these circumstances, leave to amend is properly denied.  See, e.g., Solomon v. North

10  American Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (upholding district court's denial

11  of leave to amend complaint on the eve of discovery deadline).

12          Therefore, Plaintiff's claims against the three "Unknown King County Deputies" will be

13  dismissed.  To clarify matters for the parties, the dismissal of claims against these "unknown"

14  defendants (as well as the Court's prior dismissal of claims against "Unknown County of Adams

15  Official") should be regarded as a dismissal without prejudice, since these officials have never been

16  identified by name and have not been served with process so as to subject them to the jurisdiction of

17  the Court.

18  2.    Section 1983 Claims Against Sheriff Rahr and King County

19          Plaintiff's complaint makes the following allegations against Sheriff Sue Rahr and King

20  County:

21          Defendants Rahr and King County denied plaintiff his rights to know the circumstances of the
            arrest and the process of posting bail – if any.  They knew or should have known that a state-
22          wide warrant for refusing to sign a traffic infraction (or show up at a hearing relating to such)
            was not probable cause for a state-wide warrant.  They failed to properly train and/or supervise
23          those individuals who have violated the constitutional rights described herein.

24  (Complaint at 6).

25

ORDER - 5

The King County Defendants have offered evidence that Sheriff Rahr is not in charge of rules and regulations relating to processing of individual in and out of the King County Jail.  Plaintiff does not dispute this evidence.  As a result, Plaintiff has not provided sufficient evidence to maintain claims against Sheriff Rahr regarding jail policies or procedures.  To the extent Plaintiff alleges that Sheriff Rahr violated his rights by failing to train deputies to know "that a state-wide warrant for refusing to sign a traffic infraction (or show up at a hearing relating to such) was not probable cause for a state-wide warrant," such a claim must also fail.  There is no basis to find that Sheriff Rahr had an obligation to "train" deputies in such a manner, nor has Plaintiff offered evidence or argument suggesting that this type of "failure to train" constitutes deliberate indifference to the rights of citizens.  See City of Canton v. Harris, 489 U.S. 378, 388 (1989).  Therefore, Plaintiff's Section 1983 claims against Sheriff Rahr are dismissed with prejudice.

Plaintiff's claims against King County under Section 1983 are also subject to dismissal.  As the Court previously noted:

> [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983.

Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).  Here, Plaintiff has not offered evidence to raise a genuine issue of material fact on whether his alleged injuries were inflicted as a result of any policy or custom of King County.  As a result, his claims against King County under Section 1983 are dismissed with prejudice.

3.     Remaining Claims

In addition to federal claims under Section 1983, Plaintiff's complaint also raises various claims under state law.  His complaint alleges:

> [T]he defendants deprived the plaintiff of his rights to be free from false imprisonment, search and seizure of his person, unreasonable force, cruel and unusual punishment, unreasonable bail, abuse of process, malicious prosecution, and intentional infliction of emotional distress.  All of

these rights are secured to the plaintiff by the provisions of Washington law which are invoked under the supplementary jurisdiction of this court.

(Complaint ¶ 28).  The King County Defendants argue that the remaining state-law claims should be dismissed for the same reasons set forth in the Court's order on the Adams County Defendants' motion for summary judgment.  The Court agrees.[2]  For ease of reference, the Court repeats below its reasoning from the earlier ruling, with appropriate modifications as the reasoning applies to the King County Defendants.

***False Arrest/False Imprisonment***:  Under Washington law, the existence of probable cause is a complete defense to an action for false arrest or false imprisonment.  <u>See</u> <u>McBride v. Walla Walla County</u>, 95 Wash. App. 33, 38 (1999).  Here, the King County Defendants plainly had probable cause to arrest and imprison Plaintiff, given his 2003 conviction and the issuance of a facially valid arrest warrant.

***Search & Seizure and "Unreasonable Force" Claims***:  Plaintiff has offered no evidence to support a claim for unlawful search and seizure or "unreasonable force" against any of the King County Defendants.  As noted above, handcuffing cannot be regarded as unreasonable force, and Plaintiff presents no evidence suggesting that he was subject to an unreasonable search or seizure.

***Excessive Bail***: Plaintiff has no claim for excessive bail against any named defendants, given that none of the King County Defendants set Plaintiff's bail.  <u>See, e.g.</u> <u>Kohl v. Casson</u>, 5 F.3d 1141, 1149 (8th Cir. 1993).

***Cruel and Unusual Punishment***:   Plaintiff has provided no evidence to support a claim for cruel or unusual punishment with respect to jail conditions in King County.

***Malicious Prosecution***:  Plaintiff has provided no basis to maintain a claim for malicious prosecution against any King County Defendants.

---

[2]  Defendants also note that Plaintiff's state-law tort claims against King County would also be subject to dismissal for failure to comply with the notice of claim requirements of RCW 4.96.020.

ORDER - 7

1      ***Abuse of Process***:   Plaintiff has not presented sufficient evidence to support an abuse of

2    process claim against the King County Defendants.  A claim for abuse of process has two essential

3    elements: (1) the existence of an ulterior purpose – to accomplish an object not within the proper

4    scope of the process; and (2) an act in the use of legal process not proper in the regular prosecution of

5    the proceedings.  Fite v. Lee, 11 Wn. App. 21, 27 (1974). "[T]he test as to whether there is an abuse

6    of process is whether the process has been used to accomplish some end which is without the regular

7    purview of the process, or which compels the party against whom it is used to do some collateral thing

8    which he could not legally and regularly be compelled to do." Batten v. Abrams, 28 Wn. App. 737,

9    747-48 (1981).  Plaintiff has not offered any evidence suggesting that the King County Defendants

10   used the judicial process to compel Plaintiff to do some collateral thing that he could not legally be

11   compelled to do.

12      ***Intentional Infliction of Emotional Distress***: Under Washington law, a claim for intentional

13   infliction of emotional distress (more commonly known as the tort of "outrage") has three elements:

14   (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3)

15   actual result to the plaintiff of severe emotional distress.  Brower v. Ackerley, 88 Wn. App. 87, 98

16   (1997).  Only conduct that is "so outrageous in character, and so extreme in degree, as to go beyond

17   all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

18   community" supports an outrage claim.  Reid v. Pierce County, 136 Wn.2d 195, 202 (1998).  "[T]he

19   trial court must make an initial determination as to whether the conduct may reasonably be regarded as

20   so 'extreme and 'outrageous' as to warrant a factual determination by the jury." Jackson v. Peoples

21   Fed. Credit Union, 25 Wn. App. 81, 84 (1979).  Here, the Court finds that the conduct of the King

22   County Defendants cannot reasonably be regarded as being so extreme and outrageous to support a

23   claim of outrage.

24

25

1

**Conclusion**

2       The King County Defendants' motion for summary judgment is GRANTED.  All claims

3  asserted by Plaintiff against King County and Sheriff Sue Rahr are dismissed with prejudice.  Plaintiff's

4  claims against "Unknown King County Deputies" are dismissed without prejudice.

5       The clerk is directed to provide copies of this order to Plaintiff and to all counsel of record.

6       Dated:   November 8, 2006

7                                                       s/Marsha J. Pechman_____
                                                        Marsha J. Pechman
8                                                       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 9